UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

LAFORTUNE B TANYIE ANGEL,
Petitioner,
v.
CHRISTOPHER LAROSE, et al.,
Respondents.

Case No.: 3:26-cv-3090-CAB-GC

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**

Before the Court is Petitioner Lafortune B Tanyie Angel's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 9 ("Petition").] Petitioner claims her nearly nine-month detention by immigration authorities is unconstitutional. [*Id.* at 2.] She seeks a bond hearing or immediate release. [*Id.*] Respondents filed a response to the Petition. [Doc. No. 10.] For the reasons below, the Court **DISMISSES** the Petition.

## I. BACKGROUND

Petitioner is a Cameroonian citizen who first entered the United States on February 1, 2025. [Petition at 3.] On February 13, 2025, the Department of Homeland Security ("DHS") removed Petitioner to Panama. [*Id.*] On October 30, 2025, Petitioner re-entered the United States and was taken into DHS custody. [*Id.* at 3–4.] A DHS official conducted a credible fear interview with Petitioner and made a negative determination. [*Id.* at 4.] However, on appeal, an immigration judge found Petitioner did have credible fear. [*Id.*]

On February 18, 2026, an immigration judge ordered Petitioner removed to Uganda. [*Id.*] Petitioner appealed that order of removal to the Board of Immigration Appeals ("BIA"). [Petition at 4.] She has remained in custody since October 30, 2025.

**II. LEGAL STANDARD**

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

**III. JURISDICTION**

Respondents challenge this Court's jurisdiction based on 8 U.S.C. § 1252(g). [Doc. No. 10 at 3–4.] Section 1252(g) provides in relevant part: "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

As the Supreme Court reasoned in *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999), § 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *See also Ibarra-Perez v. United States*, 154 F.4th 989, 991 (9th Cir. 2025) ("The Supreme Court has instructed that we should read § 1252(g) narrowly.") Accordingly, § 1252(g) does not bar "many . . . decisions or actions that may be part of the deportation process[.]" *Reno*, 525 U.S. at 482. Moreover, "[i]t is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *Id.*

Here, Petitioner does not contest the decision to commence proceedings, the adjudication of her removal case, or any action to execute a removal order. Rather, she seeks review of the legality of her detention, arguing that the length of time she has been

detained without a bond hearing violates due process. Accordingly, the Court is satisfied of its jurisdiction and proceeds to the merits.

## IV. DISCUSSION

Petitioner argues that her nine-month detention without a bond hearing is unconstitutional. [Petition at 18.] Respondents counter that the relevant statutory language of § 1225(b)(1) and Supreme Court precedent require Petitioner's detention until the resolution of her removal proceedings. [Doc. No. 10 at 5–10.] The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court did not decide the *constitutional question* of whether indefinite detention is permitted. *See L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13 at 5–6 (S.D. Cal. Jan. 16, 2026).

As to the constitutional question, like most of the district courts that have confronted this question, this Court held in *L.R.G.* that a due process violation may occur when § 1225(b) results in practically indefinite civil detention. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *6; *see Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Respondents' position has also been questioned by the Ninth Circuit:

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances."

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (internal citation omitted) (alteration in original).

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor, which is the most important, weighs against Petitioner given that she has only been detained for nine months. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Regarding the second factor, which consists of the "anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" Petitioner's appeal to the BIA is pending, and the "undetermined, but likely significant, period of mandatory detention through the appeals process" weighs in favor of Petitioner. *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025). Accordingly, the second factor weighs for Petitioner. As to the third *Banda* factor, Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G.*, who was also detained at Otay Mesa Detention Center, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication." No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8 (S.D. Cal. January 16, 2026). Thus, the third factor favors Petitioner.

As to the fourth and fifth factors, neither party has caused any delays. Thus, these two factors are effectively neutral. Finally, the Court finds the sixth factor neutral as it is unclear what the result of Petitioner's removal proceedings will be.

In sum, factor one (the most important) weighs against Petitioner, factors two and three weigh for Petitioner, while factors four, five, and six are neutral. The Court thus

concludes that at this stage, Petitioner's detention is not unreasonable such that due process requires her to be released or given a bond hearing.

## V. CONCLUSION

For the above reasons, the Court **DISMISSES** the Petition **WITH LEAVE TO AMEND** to allow Petitioner to file an Amended Petition in the event that her detention extends beyond a year.

The Clerk of the Court shall close the case. If a Second Amended Petition is filed, the Court will reopen the case.

It is **SO ORDERED**.

Dated: August 5, 2026

Hon. Cathy Ann Bencivengo
United States District Judge